COWART, Judge,
dissenting.
Easterling was arrested and charged by the Kissimmee Police Department with trafficking in cocaine. At that vulnerable moment, of course, she was in need of, and desired, any “substantial assistance” she could obtain from the Kissimmee Police Department. A Kissimmee police officer and Easterling agreed that if Easterling would provide the officer with three drug trafficking cases, the officer would request the state attorney’s office to reduce the charges against Easterling. Thus motivated, Easterling went about producing three drug trafficking cases for the Kissimmee officer. Presumably Easterling got her credit for this one.
Easterling had two friends, Danny Sly and Mark Hollecker, both of whom were involved in the buying and selling of drugs. Hollecker had a long time trusting friend named Michael Adams. Easterling induced Sly and Hollecker to contact Adams, who lived in Lakeland, and to induce him to sell drugs to Easterling and to cause the transaction to take place in Kissimmee so East-erling could receive the credit. Hollecker with Easterling went to see Adams in Lakeland and arranged the transaction. When Adams arrived in Kissimmee and told Easterling he had the contraband drugs with him, he was arrested by the Kissimmee police officer.
The trial court granted Adams’ motion to dismiss the charges against him because the action by the Kissimmee police officer permitting “Ms. Easterling and her cohorts to manufacture” the crime in this case “violated the due process provisions of both the state and federal constitutions”. The State appeals. The majority opinion reverses.
Apparently under the particular facts and circumstances of this case and the law relating to due process and entrapment, if the Kissimmee police officer had himself directly induced Adams to obtain drugs to sell to the officer and the trial court had held that Adams’ due process was thereby violated, the decision would be upheld.
*1305 Likewise and similarly, if Easterling alone acting at the behest and supplied motivation of the Kissimmee police officer, had induced Adams to obtain drugs to sell to Easterling and the trial court had held that Easterling was an agent of the Kis-simmee police officer and that Adams’ due process rights were violated, that decision would be upheld.
However, in this case, because Easter-ling, acting on behalf of the police officer induced a “middleman” (Holleeker) to handle the mechanics of contacting and inducing Adams to commit the crime of obtaining and possessing drugs to sell, the trial court’s ruling that Adams’ due process rights were violated is being reversed. There is no logical or moral basis for this distinction.
If the police officer cannot violate Adams’ due process rights by inducing Adams to commit a crime which he would not have otherwise committed, then morally, logically and legally the police officer cannot do the same .thing indirectly by using Easterling to do for him what he cannot legally do directly himself. Likewise, if Easterling, as a state agent, cannot violate Adams’ due process rights by inducing him to commit a crime which he would not have otherwise committed, then morally, logically and legally, neither the police officer nor Easterling, can do the same thing indirectly by using Holleeker to do for them what they cannot legally do directly themselves. Easterling used Holleeker to do the exact same thing that the Kissimmee police officer used Easterling to do, — that which had the officer or Easterling done directly would have been held to have violated Adams’ due process rights. Just as surely as Easterling was acting at the instigation and behest of the Kissimmee police officer, Holleeker was acting at the instigation and behest of Easterling. Holleeker was just as much of a police agent as was Easter-ling, although he may have been more innocent in that Easterling knew she was acting on behalf of the Kissimmee police officer, while Holleeker might not have known why, and on whose behalf, he and Easter-ling were really acting. This ignorance on the part of Holleeker does not make him any less a person acting as a result of the Kissimmee police officer’s agreement with Easterling. The result on Adams’ due process rights is the same. To call Hol-lecker a “middleman” rather than to call him what he really was — a sub-agent acting on behalf of an agent (Easterling)— acting on behalf of a state agent (the Kis-simmee police officer), is rather shallow sophistry. However desired the result may be, in legal substance there is no magic when a principal uses an agent to do something for the principal. Good law always holds the principal responsible for the acts of agents. That Holleeker made the initial contact with Adams is the simple result of Easterling using Holleeker to do that and has, in substance, no more legal significance than had the Kissimmee police officer used Easterling to make the initial contact with Adams. Again, that Adams’ contacts with Easterling (acting as principal to Holleeker as agent), were “minimal” is no more important than the fact that Adams had no contact with the Kissimmee police officer (acting as principal to Easterling as agent).
If this is good law, then, in order to avoid due process entrapment problems, law enforcement officers need only (1) not do the acts themselves, (2) tell their first level agents (like Easterling) not to directly induce persons to commit crimes they would otherwise not commit, and (3) instruct first level agents (like Easterling) to themselves solicit others (second level agents like Hol-lecker) to do the dirty work because the courts are only able to see and understand first level agents and hold that law enforcement officers as principals will not be held responsible for the acts of sub-agents like Holleeker (calling them “middlemen”) as law enforcement agents are held responsible for the acts of first level agents like Easterling. The legal principle in this case appears to be that a principal can do indirectly what the principal cannot do directly if enough agents are used to remove an *1306 agent’s wrongful act two agency steps away from the principal. The law should look to substance and not form and if principals are to be held responsible for the acts of their agents, they should also be held responsible for the acts of agents obtained and used by their agents to accomplish the principal’s purposes and objectives. In law no one should be able to do indirectly what they cannot do directly; otherwise the law places value on form, procedure, and subterfuge rather than on substance, and if the law does that, the law is shallow and useless and all is lost.